## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| JAMI K. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4: 16 CV 794 DDN |
| | ) | |
| NANCY A. BERRYHILL,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND
## ORDER GRANTING EAJA FEE REQUEST

This matter comes before the court upon plaintiff's application for attorney fees under the Equal Access to Justice Act ("EAJA"). (Doc. 30). Defendant objects. (Doc. 31).

Plaintiff initially applied for $9,903.75 in fees, to account for 51.4 hours of attorney work at $192.68 per hour. (Doc. 30 at 3). The Commissioner responded that 51.4 hours was an excessive amount of time for an experienced Social Security practitioner to spend on a case without any novel or complex legal issues, with an average transcript length, and with only two years' worth of medical records. (Doc. 31). The Commissioner asserts that cases of this nature typically require only 15-30 hours of work and awards ranging from $2,000 to $5,000, and the Commissioner asks the court to deny compensation for hours above this reasonable amount. *Id.*

Counsel for plaintiff replies that the hours devoted to this matter may be higher than average, but not excessively higher, and well within the common range for this region. (Doc. 32). He cites a number of cases from this district to support this claim.

---

[1] The Hon. Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, she is substituted in her official capacity for Carolyn W. Colvin as the defendant in this suit. 42 U.S.C. § 405(g) (last sentence).

*Green v. Berryhill*, No. 4:15 CV 827 ACL (E.D. Mo, Jan. 27, 2017) (awarding $7,362.88); *Beringer v. Colvin*, No. 4:15 CV 1412 NAB (E.D. Mo., Jan. 17, 2017) (awarding $7,000); *Conrad v. Colvin*, No. 4:15 CV 1290 SPM (E.D. Mo. Sept. 27, 2016) (awarding $7,292.92). He also cites to cases from the Southern District of Illinois. *See, e.g., Barnett v. Berryhill*, No. 15 CV 1018 CJP (S.D. Ill. Apr. 5, 2017) (awarding $15,794.12); *Newburn v. Berryhill*, No. 13 CV 1265 CJP (S.D. Ill. Mar. 30, 2017) (awarding $13,344.64); *Del Real v. Berryhill*, No. 14 CV 277 CJP (S.D. Ill. Mar. 30, 2017) (awarding $11,308.32). Plaintiff agrees to reduce the hours spent reviewing the Court's memorandum from 1.5 hours to 15 minutes, as the majority of that time was spent for remand purposes. (Doc. 32 at 8). Finally, plaintiff seeks an additional 2.5 hours compensation for replying to the government's EAJA fee objections. (Doc. 32 at 9).

The evidentiary record in this case was 549 pages long, and plaintiff's counsel drafted 30 pages addressing the evidence as it related to the ALJ's decision and the Commissioner's arguments. (Doc. 16). Plaintiff's counsel claims he spent 27.7 hours drafting the brief in support of the complaint, which was 20 pages long, and 15.4 hours drafting the reply brief, which was 10 pages long. (Docs. 16; 26; 30, Ex. 2). This is understandable considering that plaintiff's counsel did not also claim additional time spent reviewing or analyzing the record or performing legal research. Counsel for plaintiff presented a four-part argument concerning the ALJ's handling of opinion-evidence from a treating ophthalmologist. (Doc. 16 at 14-20). Counsel for plaintiff asserts that analysis of the facts in this case was especially difficult because they related to a visual impairment, and counsel had to "spend hours researching the meaning of a variety of visual conditions and treatments," because visual-impairment medical records are not straightforward but riddled with "abbreviations, dense reports, and terminology such as uveitis, photalgia, scleral, and iridotomy." (Doc. 32 at 5). Plaintiff's counsel noted that eye doctors replace words like "right, left or both, with 'OD,' OS,' and 'OU'" and "place plus and minus signs before numbers to indicate results, each of which must be compared by a lay person to tables and translations." (*Id.*)

The Commissioner argues that 15.4 hours is excessive for a reply brief when plaintiff's counsel would have already been familiar with the legal and factual information at issue. (Doc. 31 at 5-6). However, the reply brief is not simply a rehashing of the plaintiff's initial brief in support, but it is responsive to the legal arguments made by the government in its brief and appears to represent additional legal research. (Doc. 26).

A total of 52.65 hours is within the realm of reasonableness for a social security disability case in this context. The Commissioner argues that the issues within the case were not complex or novel and did not require this amount of work, and while she is correct that plaintiff's counsel is an experienced social security practitioner, this does not support the idea that plaintiff's counsel put unnecessary time or effort into this case. Furthermore, just because an argument may be typical does not mean plaintiff is not entitled to fair compensation for the time her attorney spent advocating on her behalf.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for attorney fees (Doc. 30) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff is awarded EAJA attorney fees in the amount of $10,144.60 (52.65 hours at $192.68 hour: 51.4 hours minus 1.25 for the opinion review and plus 2.5 hours for the EAJA fee reply), subject to offset for any pre-existing debt plaintiff owes to the United States. The EAJA fee award is to be mailed to plaintiff's attorney's address. If the EAJA fee award is offset by pre-existing debt, the Commissioner is directed to pay any remaining balance of the EAJA fee award directly to plaintiff. If the EAJA fee award is not offset by pre-existing debt, the Commissioner is directed to pay the EAJA fee award directly to plaintiff's attorney.

/s/ David D. Noce<br>**UNITED STATES MAGISTRATE JUDGE**

Signed on August 28, 2017.